IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Lewis Brady,                              )
                                          )
                        Plaintiff,        )
                                          )         Civil Action No. 2:23-cv-2067-BHH
v.                                        )
                                          )
Thomas Holmes,                            )         **ORDER**
                                          )
                        Defendant.        )
_____ )

This matter is before the Court upon Plaintiff Lewis Brady's pro se ("Plaintiff")
complaint seeking relief pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  In accordance with
Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate
Judge for preliminary review.

On July 5, 2023, the Magistrate Judge issued an order severing several unrelated
claims from the instant action and limiting the scope of the complaint to Plaintiff's
allegations against Thomas Holmes, an officer with the St. Stephens Police Department.
(ECF No. 4 at 3-4.)  In the same order, the Magistrate Judge informed Plaintiff that the
Court could not authorize service on Defendant Holmes until Plaintiff submitted a
completed set of proposed service documents.  The Magistrate Judge also informed
Plaintiff that the claims were subject to summary dismissal for failure to state a claim and
afforded Plaintiff the opportunity to file an amended complaint.  (*Id.* at 5-6.)  The order
warned Plaintiff that if he failed to comply with the Court's instructions, then the case would
be subject to summary dismissal.

On July 13, 2023, Plaintiff filed a set of proposed service documents; however,
Plaintiff did not file an amended complaint.  (ECF No. 9.)  Accordingly, the Magistrate

Judge issued a text order reminding Plaintiff that he needed to file an amended complaint. (ECF No. 10.)  The Clerk mailed a hard copy of the text order to Plaintiff, but it was returned to the Court marked "REFUSED, UNABLE TO FORWARD."  (ECF Nos. 11, 12.) Plaintiff apparently was released but did not provide the Court with an updated address. Nevertheless, the Magistrate Judge attempted mailing another order to the address marked on the proposed service documents and gave Plaintiff additional time to file an amended complaint and a change of address form.  (ECF No. 13.)  The Magistrate Judge also made an attempt to find Plaintiff through the Berkeley County Public Index and mailed a text order to another location, instructing Plaintiff to complete a change of address form.  (ECF No. 19.)

On January 8, 2024, Plaintiff apparently called and asked about his case and provided a verbal update regarding his address.  The Clerk then remailed the Magistrate Judge's most recent order to the new address.  However, to date, Plaintiff has failed to file an accurate change of address form and has failed to otherwise comply with the Magistrate Judge's instructions.  Therefore, on March 20, 2024, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss Plaintiff's complaint without further leave to amend, as Plaintiff has already had an opportunity to do so.  (ECF No. 23.)  Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy.  To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court

is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error.  After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis.  **Accordingly, the Court hereby adopts and incorporates the Magistrate Judge's Report (ECF No. 23), and the Court summarily dismisses this action without further leave to amend, for the reasons set forth in the Report.**  *See Britt v. DeJoy*, 49 F.4th 790 (4th Cir. 2022) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable").

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

April 10, 2024
Charleston, South Carolina

3